Filed 9/6/23  P. v. Algarin CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C097102 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF191439) |
| v. | |
| ALEXIS ALGARIN, | |
| Defendant and Appellant. | |

In 2021, defendant Alexis Algarin appealed his sentence, which included the upper term of four years on one count of assault with a firearm (Pen. Code, § 245, subd. (a)(2))[1] and upper term of 10 years on the attendant personal use of a firearm enhancement (§ 12022.5, subd. (a)).  This court vacated the sentence and remanded for resentencing consistent with recent amendments to section 1170.  (See Senate Bill

---

[1] Undesignated statutory references are to the Penal Code.

1

No. 567 (2021-2022 Reg. Sess.).) Defendant now appeals the sentence on remand, contending that the trial court erred, because the aggravating circumstances that the trial court used to justify reimposing the upper term sentences were not established according to section 1170, subdivision (b). The People concede that remand is appropriate. We will remand for resentencing.

## I. BACKGROUND[2]

Defendant and A.L. were rival gang members. In August 2019, defendant fired five to seven shots at A.L.'s vehicle, while A.L. was driving the car with his father and another passenger. Defendant's lengthy juvenile criminal history began in 2012 and continued through early 2019. This history included a juvenile adjudication for assault, as well as two probation violations.

In December 2020, defendant pled no contest to three counts of assault with a firearm (§ 245, subd. (a)(2)) and admitted he personally used a firearm (§ 12022.5, subd. (a)). At the February 2021 sentencing hearing, the trial court found the following aggravating circumstances true: (1) defendant engaged in violent conduct that indicates a danger to society (Cal. Rules of Court, rule 4.421(b)(1));[3] (2) defendant's prior sustained petitions in juvenile proceedings were numerous and of increasing seriousness (rule 4.421(b)(2)); and (3) defendant's prior performance on probation, mandatory supervision, postrelease community supervision, or parole was unsatisfactory (rule 4.421(b)(5)). The trial court sentenced defendant to an aggregate term of 16 years, comprised of the upper term of four years for one count of assault with a firearm, consecutive one-year terms for

---

[2] The parties stipulated that the pretrial release report and probation report formed the factual basis of defendant's plea. We accordingly take the underlying facts from the instant case and defendant's criminal history from the pretrial release report and probation report.

[3] Undesignated rule references are to the California Rules of Court.

the other two counts of assault with a firearm, and the upper term of 10 years for the firearm enhancement.

Defendant appealed the sentence, arguing that the trial court erred in imposing the upper term for assault with a firearm and personally using a firearm by impermissibly engaging in dual use of facts. We remanded for resentencing in light of recent legislative enactments amending section 1170 (Senate Bill No. 567 (2021-2022 Reg. Sess.)) and otherwise affirmed the judgment.

On remand, the trial court again imposed the aggregate term of 16 years, including the upper term of four years for assault with a firearm and the upper term of 10 years for personal use of a firearm, because "[t]he facts in this case are egregious." The trial court stated that it found all the previously identified aggravating circumstances true and that it was imposing the upper term because of "[t]he facts of this case, in and of themselves, and the defendant's record."

## II.  DISCUSSION

Defendant contends his sentence must be vacated and the matter remanded for resentencing, because the facts underlying the aggravating circumstances the trial court relied on to impose the upper term sentences were not established pursuant to the amendments to section 1170, subdivision (b). Specifically, defendant argues that he did not stipulate, and a jury did not find beyond a reasonable doubt, that his violent conduct indicated a serious danger to society (rule 4.421(b)(1)), and a certified record of adjudications was not used to establish that his prior sustained petitions in juvenile court were numerous and of increasing seriousness (rule 4.421(b)(2)). The People concede the resentencing did not comply with the amendments to section 1170, subdivision (b), so the matter must be remanded. We will accept the People's concession and remand for resentencing.

As relevant here, effective January 1, 2022, Senate Bill No. 567 generally limits the trial court's ability to impose the upper term sentence unless aggravating

3

circumstances that justify the imposition of a term in excess of the middle term: (1) have been stipulated to by the defendant; (2) are found true beyond a reasonable doubt by a jury or the judge in a court trial; or (3) relate to the defendant's prior adjudications and are based on a certified record of adjudication. (§ 1170, subd. (b)(1)-(3).) If the aggravating circumstances that justify the imposition of an upper term are appropriately proven, the court retains discretion to impose an upper term sentence. (§ 1170, subd. (b)(1)-(2).)[4]

Here, it is undisputed that defendant did not stipulate to the underlying facts supporting the aggravating factors, neither a jury nor a judge found the underlying facts true beyond a reasonable doubt,[5] and defendant's record of prior adjudications was not established by certified records. The People concede that remand for resentencing consistent with amended section 1170, subdivision (b), is appropriate. We accept the People's concession and agree with the parties that by relying on circumstances in aggravation that were not stipulated to, found true beyond a reasonable doubt, or proven by certified records, the trial court imposed upper term sentences in a manner that does not comply with amended section 1170, subdivision (b).

---

[4] We note that defendant did not raise any mitigating circumstances under section 1170, subdivision (b)(6), even though defendant was under 26 years of age at the time the offense was committed. (§ 1170, subd. (b)(6)(B).) We thus need not address any mitigating circumstances.

[5] We also note that under section 1170, subdivision (b)(2), defendant has a right to a jury trial on the aggravating circumstances and defendant did not waive this right.

4

## III.  DISPOSITION

The sentence is vacated, and the matter is remanded for resentencing.  In all other respects, the judgment is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

DUARTE, Acting P. J.

/S/

_____

HORST, J.*

_____

* Judge of the Placer County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.